LONGYEAR, LAVRA & CAHILL, LLP
Van Longyear, CSB No.: 84189
Nicole M. Cahill, CSB No.: 287165
Denny Yu, CSB No. 345213
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: 916-974-8500
Facsimile: 916-974-8510
Email: longyear@longyearlaw.com
       cahill@longyearlaw.com
       yu@longyearlaw.com

Attorneys for Defendants,
City of Clovis,
Officer Pluss,
Officer Markarian,
Officer Dronek,
Officer Wilson and
Officer Mason

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA FRESNO DIVISION

| | |
|---|---|
| JAMAL JONES, an individual, | Case No.: 1:22-CV-00503-KES-BAM |
| Plaintiff, | [*Hon. Barbara A. McAuliffe*] |
| v. | **JOINT SCHEDULING REPORT** |
| CITY OF CLOVIS, a municipal entity; OFFICER PLUSS #5823; OFFICER MARKARIAN #5808; OFFICER DRONEK #5686; OFFICER WILSON #5760; OFFICER NICOLAS MASON; and DOES 1 through 10, inclusive, | **TELEPHONIC APPEARANCE BY ALL COUNSEL** |
| | Date: August 26, 2026 |
| | Time: 9:30 a.m. |
| | Ctrm: 8 |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants City of Clovis, Officer Pluss, Officer Markarian, Officer Dronek, Officer Wilson and Officer Mason (hereinafter "Defendants") along with Plaintiff Jamal Jones (hereinafter "Plaintiff" or "Mr. Jones") hereby present this Joint Scheduling Report.

/ / /

1. **Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the court.**

Plaintiff's Portion:

During the late evening hours of Monday, May 3, 2021, Mr. Jones was operating his vehicle, complying with all applicable laws, and committing no crime or traffic violations, when he was unlawfully pulled over because of his race, African American, by Defendants.

Throughout the time in which Mr. Jones was pulled over by Defendants, Mr. Jones respectfully and composedly complied with Defendant Officers' requests of Mr. Jones' license and registration. Defendants unreasonably and unlawfully detained Mr. Jones by aggressively reaching inside Mr. Jones' vehicle, opening the driver's door of the vehicle, and violently pulling Mr. Jones from his vehicle. As Defendants detained and pulled Mr. Jones from his vehicle, Mr. Jones was entangled in his seatbelt, tasered numerous times, thrown to the payment to lie face down, threatened, taunted, manhandled, and violently beaten and punched in his face and head causing Mr. Jones to go in and out of consciousness. As Mr. Jones is face down on the payment and handcuffed, a police canine, whose handler was Officer Mason, ordered the canine to bite and torture Mr. Jones. The canine bit into Mr. Jones calf muscle and the side of his leg, causes large portions of his flesh, including muscles and tendons to ripped from his body, leaving gaping holes in his leg.

Plaintiff seeks compensatory, general and special damages from Defendants for violating various rights under the United States Constitution and state law in connection with Defendants' excessive force against Plaintiff by Defendants resulting in Plaintiff's mental, physical and emotional damages in an amount to be determined at trial. This civil rights action also seeks punitive and exemplary damages against Defendants in connection to Defendants' malicious, oppressive, and wanton force used against Plaintiff in an amount to be determined at trial.

Plaintiff currently intends to proceed in this action with the following state and federal claims:

/ / /

/ / /

1.  VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) (BASED ON UNREASONABLE USE OF FORCE)

2.  VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983) (BASED ON UNCONSTITUTIONAL POLICY, PRACTICE, ORCUSTOM)

3.  DENIAL OF MEDICAL CARE (42 U.S.C. § 1983)

4.  ASSAULT/BATTERY (CAL GOVERNMENT CODE §§ 815.2(A), 820(A); CAL. CIVIL CODE § 43)

5.  NEGLIGENCE (CAL GOVERNMENT CODE §§ 815.2(A), 820(A)

6.  VIOLATION OF THE BANE ACT (CAL. CIV. § 52.1)

7.  VIOLATION OF THE RALPH (CAL. CIV. § 51.7)

8.  UNLAWFUL SEIZURE-ARREST (42 U.S.C. § 1983)

9.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants' Portion:

On May 3, 2021, Plaintiff was pulled over on Ashan Avenue west of Hwy 168 after Defendant Pluss noticed Plaintiff's front passenger window tint was in violation of VC 26708 and a records check of the vehicle revealed the registration had been suspended. Pluss initiated a vehicle stop by activating the overhead lights in his patrol vehicle. Pluss noticed Plaintiff to be moving around and looking in his rear view mirror prior to approaching the vehicle. After approaching the vehicle and making initial contact, Pluss and Defendant Mason noticed Plaintiff appeared to be attempting to conceal something in the interior of his driver's side door. After investigation on the MDT revealed Plaintiff had a prior booking sheet where he claimed an affiliation with the "mug" gang, officers reapproached the vehicle. Officer Mason gestured to the other officers on scene that he observed a gun in Plaintiff's driver's side door. Officers attempted to remove Plaintiff's seatbelt and remove him from the vehicle, but Plaintiff resisted and failed to follow instructions. After Plaintiff was finally out of the vehicle, Plaintiff continued to refuse to put his arms behind his back and kept reaching toward his waistband. Wrist locks and arm bars were attempted to gain compliance, to no avail. Officers deployed tasers in an attempt to overcome Plaintiff's resistance, which were ineffective. K9 Nova was

utilized to gain compliance after Plaintiff's continued resistance.  Plaintiff was finally placed in handcuffs and was transported to Clovis Community Hospital by EMS.  Plaintiff was charged with possession of a firearm by a felon, carrying a loaded firearm in public, carrying a concealed firearm in a vehicle, and resisting a peace officer.  Defendants deny that excessive force was used by any officer on scene.

**2.      Proposed Deadline for Amendment of the Pleadings.**

 November 28, 2025.

**3.      A summary detailing the uncontested and contested facts.**

**Uncontested Facts:**

    a)   Plaintiff was pulled over for an alleged traffic violation on May 3, 2021, by Officer Pluss.

    b)   An alleged firearm was discovered in the Plaintiff's vehicle.

    c)   Officers on scene deployed tasers against Plaintiff during the incident.

    d)   Plaintiff was bit several times by a Clovis PD K9 during the incident.

    e)   This incident which give rise to this litigation took place in the County of Fresno, State of California.

    f)    Defendant Officers were acting under color of law and within the course and scope of their employment as Police Officers with the Clovis Police Department.

**Contested Facts:**

**4.**      All other facts remain in dispute. **A summary of the legal issues as to which there is no dispute, e.g., jurisdiction, venue, applicable federal or state law, etc., as well as summary of the disputed legal issues.**

The parties agree that the Eastern District of California has proper jurisdiction, and the Fresno Courthouse is the proper venue. The parties also agree that the Fourth Amendment governs Plaintiff's federal excessive force claims.  The following legal issues are in dispute: whether Defendants used excessive force against Plaintiff, whether Defendants proximately caused Plaintiff's injuries, and whether Plaintiff's constitutional rights were violated.

/ / /

**Plaintiff's disputed legal issues:**

1. Whether Defendants and DOES 1-10 used excessive and/or unreasonable force against Plaintiff, in violation of the 4th and 14th Amendments of the U.S. Constitution under 42 U.S.C. § 1983 at the time of the alleged incident;

2. Whether Defendants and DOES 1-10 violated Plaintiff Jamal Jones' right to equal protection under the law in violation of the 4th and 14th Amendments of the U.S. Constitution under 42 U.S.C. § 1983 at the time of the alleged incident;

3. Whether Defendants, and DOES 1-10 prevented or denied medical care to Plaintiff, in violation of the 4th and 14th Amendments of the Constitution under 42 U.S.C. § 1983 at the time of the alleged incident;

4. Whether there is a basis for Monell liability under s RATIFICATION (42 U.S.C. § 1983) theory against Defendant City of Clovis;

5. Whether there is a basis for Monell liability under an INADEQUATE TRAINING (42 U.S.C. § 1983) theory against Defendant City of Clovis;

6. Whether there is a basis for Monell liability under a – UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983) theory against Defendant City of Clovis;

7. Whether Defendants and Does 1-10 battered and/or assaulted Plaintiff by using unreasonable and/or excessive force against him at the time of the alleged incident

8. Whether Defendant City of Clovis, Defendant Officers, and DOES 1-10 were negligent (Cal. Government Code §§ 815.2 (a), 820 (a); Cal. Civil Code § 43) and whether that negligence was a substantial factor in causing the Plaintiff's harm;

9. Whether Defendants and DOES 1-10 actions violated the Bane Act under Cal. Civ. Code § 52.1;

10. Whether Defendants and DOES 1-10 actions violated the Ralph Act under Cal. Civ. Code § 51.7;

11. Whether Defendants, and DOES 1-10 actions were extreme and outrageous so as to constitute intentional infliction of emotional distress against Plaintiff Jamal Jones;

12. Whether Defendants, and DOES 1-10 conduct arises to a level that supports a claim for punitive damages under any appropriate theory;

13. The nature and extent of any alleged damages to Plaintiff

**5.      The status of all matters which are presently set before the Court.**

No motions pending.

**6.      A complete and detailed discovery plan addressing the following:**

**(a) – (d) Proposed Discovery Plan:**

| Activity | Proposed Date |
|---|---|
| Deadline to Amend the Pleadings | November 28, 2025 |
| Initial Rule 26 Disclosures | September 12, 2025 |
| Non-Expert Discovery Cutoff | August 28, 2026 |
| Expert Disclosures | October 2, 2026 |
| Rebuttal Expert Disclosure | November 6, 2026 |
| Expert Discovery Cutoff | December 11, 2026 |
| Deadline to File Dispositive Motions | January 15, 2027 |
| Pre-Trial Conference | April 12, 2027 at 1:30 p.m. |
| Trial | June 15, 2027 |

**e.      Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a).**

The Parties do not propose any changes.

**f.      Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information.**

The parties anticipate a protective order for purposes of preventing public disclosure of involved officers' personnel files.

 **g. Any issues or proposals relating to the timing, sequencing, phasing or scheduling of discovery.**

  Parties are not proposing any limitations and believe that the traditional discovery under federal rules is acceptable.

 **h. Whether the parties anticipate the need to take discovery outside of the United States and, if so, a description of the proposed discovery.**

  The parties do not anticipate any need to take discovery outside of the country.

 **i. Whether any party anticipates video and/or sound recording of depositions.**

  Due to the ongoing COVID-19 pandemic, the distance between parties and counsel, and the widespread use of videoconference software, the parties anticipate utilizing videoconference technologies (ZOOM, etc.) to take depositions as necessary and/or convenient to the parties, counsel, and witnesses.

 **j. Whether the parties foresee a need for a Mid-Discovery Status Report and Conference and if so, a proposed date for conducting the conference.**

  Not at this time.

**7. Discovery relating to Electronic, Digital, and/or Magnetic data.**

  At this time, the parties do not anticipate issues outside of typical discovery of electronically stored information.

**8. Duty to Meet and Confer.  The parties shall meet and confer regarding the following matters during the Fed. R. Civ. P. 26(f) conference.**

  The parties agree that discovery of email information may be necessary to the litigation of this case.  The parties agree that inadvertent production of privileged emails shall be immediately deleted by the receiving party upon request by counsel or after discovery by the receiving party.  A party receiving inadvertently produced privileged email correspondence shall immediately notify the sender.  The parties do not anticipate the restoration of deleted information at this time or the requirement to obtain back-up data.

**9. Dates agreed to by all counsel.**

  See chart above.

**10. Settlement status/discussions**

No settlement discussions have occurred thus far. The parties do not believe an early settlement conference would be fruitful at this time.

**11. A statement as to whether the case is jury or non-jury case. If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.**

Both parties have demanded a jury trial.

**12. An estimate of the number of trial days is required. If the parties cannot agree, each party shall give his or her best estimate. In estimating the number of trial days, the parties should keep in mind that this court is normally able to devote the entire day to trial.**

The parties anticipate approximately 5-7 days for a jury trial.

**13. Whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.**

<u>Plaintiff:</u>

Plaintiff does not request bifurcation or phasing of trial at this time, but reserves the right to do so at a later time.

<u>Defendants:</u>

Bifurcation is not requested or anticipated at this time.

**14. Whether this matter is related to any matter pending in this court or any other court, including bankruptcy court.**

There is no related matter pending in any court.

Dated: August 19, 2025                    LAW OFFICES OF DALE K. GALIPO


                                          By: _/s/ Eric Valenzuela_
                                                DALE K. GALIPO
                                                ERIC VALENZUELA
                                                Attorneys for Plaintiff

1

Dated: August 19, 2025                    LONGYEAR & LAVRA, LLP

2

By: ___/s/ Denny Yu_____

3                                              VAN LONGYEAR
                                              DENNY YU

4                                             Attorneys for Defendants,
                                              City of Clovis, Officer Pluss,

5                                             Officer Markarian, Officer Dronek,
                                              Officer Wilson and Officer Mason

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28